Filed 8/29/25  P. v. Souvannavong CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL JAMES SOUVANNAVONG,<br><br>    Defendant and Appellant. | D084719<br><br><br>(Super. Ct. No. SCD165933) |

APPEAL from an order of the Superior Court of San Diego County, John M. Thompson, Judge.  Affirmed.

Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

I.

In 2003, Michael James Souvannavong was convicted of second degree murder (Pen. Code, § 187, subd.(a)) of a rival gang member, for the benefit of a criminal street gang (§ 186.22 (b)(1)).  The trial court sentenced him to an indeterminate term of 15 years to life in prison and a consecutive determinate sentence of 10 years for the gang enhancement.

We affirmed Souvannavong's conviction, but modified his sentence by replacing the 10-year consecutive sentence with a 15-year parole ineligibility period. (*People v. Souvannavong* (Oct. 22, 2004, D042456) [nonpub. opn.].)

In 2022, Souvannavong filed a petition for resentencing under what is now section 1172.6. The trial court summarily denied the petition. Souvannavong appealed and we remanded to the trial court with instructions to issue an order to show cause and hold an evidentiary hearing. (*People v. Souvannavong* (Aug. 8, 2023, D081511 [nonpub. opn.].)

On remand, the trial court issued an order to show cause why Souvannavong should not receive his requested relief. Following an evidentiary hearing, the court found the People proved beyond a reasonable doubt Souvannavong was the "actual killer." Specifically, the court found Souvannavong was "the actual stabber of the victim." The court thus denied Souvannavong's petition.

Souvannavong appeals the denial of his petition.

## II.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks us to independently review the record for error as required by *Wende*. We offered Souvannavong the opportunity to file his own brief on appeal, but he has not done so.

To assist our review, and in compliance with *Anders v. California* (1967) 386 U.S. 738, counsel has identified two possible issues that were considered in evaluating the potential merits of this appeal:

1. Whether the trial court should have exercised its discretion to dismiss the section 186.22, subdivision (b)(1) gang allegation pursuant to section 1172.1.

2

2. Whether the trial court erred by finding Souvannavong was the actual killer and denying him relief under section 1172.6.

We have reviewed the record for error consistent with the directions in *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Souvannavong on this appeal.

## III.

We affirm the order denying Souvannavong's petition for resentencing.


CASTILLO, J.

WE CONCUR:


McCONNELL, P. J.


KELETY, J.